IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| BNP PETROLEUM CORPORATION | § | Case No. 09-20206-C-11 |
| BNP OIL & GAS PROPERTIES, LTD. | § | Case No. 09-20612-C-11 |
| *Debtors* | § | Jointly Administered Under |
| | § | Case No. 09-20206 |
| | § | (Chapter 11) |
| | | |
| MICHAEL B. SCHMIDT, TRUSTEE | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Adversary No. _____ |
| | § | |
| PAUL BLACK;[1] | § | |
| LAND & BAY GAUGING, LLC; | § | |
| SGW INTERESTS, LLC; | § | |
| BNP OPERATING, LLC; | § | |
| 5302 MANDELL PROPERTY, LP; | § | |
| BNP COMMERCIAL PROPERTIES, LLC; | § | |
| HBP LTD; | § | |
| HBP PARTNERS, LTD; | § | |
| BNP NETWORKS, LLC; | § | |
| 500 N. WATER, LLC; | § | |
| 5262 STAPLES, LLC; | § | |
| JAMES BLACK, III; | § | |
| JAMES BLACK, IV; | § | |
| WENDY BENNETT; | § | |

---

[1] Individually and/or as authorized agent and/or representative of any entity owned and/or managed and/or controlled by Paul Black and/or as a shareholder and/or officer and/or director and/or partner of such entity, including, but not limited to, Land & Bay Gauging, LLC; SGW Interests, LLC; BNP Operating, LLC; 5302 Mandell Property, LP; BNP Commercial Properties, LLC; HBP Ltd; HBP Partners, LTD; BNP Networks, LLC; 500 N. Water, LLC; and 5262 Staples, LLC (Black Entities).

| | |
|---|---|
| TOBY SHOR[2]; | § |
| SEASHORE INVESTMENT | § |
| MANAGEMENT TRUST[3]; | § |
| 2004 GRAT; and | § |
| KENTON MCDONALD, Individually and | § |
| As Former Trustee of SEASHORE | § |
| INVESTMENT MANAGEMENT TRUST[4] | § |

**COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER, FOR TURNOVER OF PROPERTY OF THE ESTATES, BREACH OF FIDUCIARY DUTY, AIDING AND ABETTING, CONVERSION AND FOR MONETARY DAMAGES**

TO THE HONORABLE RICHARD S. SCHMIDT, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Plaintiff, **MICHAEL B. SCHMIDT TRUSTEE**, the duly qualified and acting Litigation Trustee for the Chapter 11 Bankruptcy Estates of BNP Petroleum Corporation and BNP Oil & Gas Properties, Ltd., and files this Complaint showing to the Court as follows:

PARTIES AND SERVICE

1. Plaintiff, Michael B. Schmidt, Trustee (**Trustee**) is the duly qualified and acting Litigation Trustee of the Bankruptcy Estates of BNP Petroleum Corporation, a Texas corporation

---

[2] Individually and/or as authorized agent and/or representative of any entity owned and/or managed and/or controlled by Toby Shor and/or as a shareholder and/or officer and/or director and/or partner of such entity, including, but not limited to, Seashore Investment Management Trust and 2004 GRAT (Shor Entities).

[3] In addition this entity, also Toby Shor individually as a result of being the Grantor and/or Grantee and/or Beneficiary and/or termination/merger.

[4] Individually and/or as the former Trustee of Seashore Investment Management Trust (Shor Entities).

2

(Petroleum) and BNP Oil & Gas Properties, Ltd., a Texas limited partnership (Properties), and brings this adversary proceeding pursuant to U.S.C. § 541, § 542, § 543, § 547, § 548, § 549, § 550 and Bankruptcy Rule 7001 as well as other Federal and Texas laws as referred herein.

2. Defendant, Paul Black, individually and as principal of the Black Entities as hereafter defined in this Complaint, is a Texas resident and may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) by serving his counsel, Jim Harris, Harris & Greenwell, 800 N. Shoreline, Suite 2800-S, Corpus Christi, Texas 78401.

3. Defendant, Land & Bay Gauging, LLC, is a limited liability company and may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) by serving its principal, Paul Black through his counsel, Jim Harris, Harris & Greenwell, 800 N. Shoreline, Suite 2800-S, Corpus Christi, Texas 78401.

4. Defendant, SGW Interests, LLC, is a limited liability company and may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) by serving its principal, Paul Black through his counsel, Jim Harris, Harris & Greenwell, 800 N. Shoreline, Suite 2800-S, Corpus Christi, Texas 78401.

5. Defendant, BNP Operating, LLC, is a limited liability company and may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) by serving its principal, Paul Black through his counsel, Jim Harris, Harris & Greenwell, 800 N. Shoreline, Suite 2800-S, Corpus Christi, Texas 78401.

6. Defendant, 5302 Mandell Property, LP, is a limited partnership and may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) by serving its principal, Paul Black through his counsel, Jim Harris, Harris & Greenwell, 800 N. Shoreline, Suite 2800-S, Corpus Christi, Texas 78401.

7. Defendant, BNP Commercial Properties, LLC, is a limited liability company and may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) by serving its principal, Paul Black through his counsel, Jim Harris, Harris & Greenwell, 800 N. Shoreline, Suite 2800-S, Corpus Christi, Texas 78401.

8. Defendant, HBP Ltd., is a limited partnership and may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) by serving its principal, Paul Black through his counsel, Jim Harris, Harris & Greenwell, 800 N. Shoreline, Suite 2800-S, Corpus Christi, Texas 78401.

9. Defendant, HBP Partners, Ltd, is a limited partnership and may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) by serving its principal, Paul Black through his counsel, Jim Harris, Harris & Greenwell, 800 N. Shoreline, Suite 2800-S, Corpus Christi, Texas 78401.

10. Defendant, BNP Networks, LLC, is a limited liability company and may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) by serving its

principal, Paul Black through his counsel, Jim Harris, Harris & Greenwell, 800 N. Shoreline, Suite 2800-S, Corpus Christi, Texas 78401.

11. Defendant, 500 N. Water, LLC, is a limited liability company and may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) by serving its principal, Paul Black through his counsel, Jim Harris, Harris & Greenwell, 800 N. Shoreline, Suite 2800-S, Corpus Christi, Texas 78401.

12. Defendant, 5262 Staples, LLC, is a limited liability company and may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) by serving its principal, Paul Black through his counsel, Jim Harris, Harris & Greenwell, 800 N. Shoreline, Suite 2800-S, Corpus Christi, Texas 78401.

13. Defendant, James Black, III, is a Texas resident who may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b).

14. Defendant, James Black, IV, is a Texas resident who may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b).

15. Defendant, Wendy Bennett, is a Texas resident who may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b).

16. Defendant, Toby Shor, individually and as principal of the Shor Entities as hereafter defined in this Complaint, is a Texas resident who may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) by serving her counsel, Henry Kiam, King & Spalding, 1100 Louisiana, Suite 5055, Houston, Texas 77002.

17. Defendant, Seashore Investment Management Trust, may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) by serving its principal, Toby Shor, by and through her counsel of record, Henry Kiam, King & Spalding, 1100 Louisiana, Suite 5055, Houston, Texas 77002.

18. Defendant, 2004/GRAT, may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) by serving its principal, Toby Shor, by and through her counsel of record, Henry Kiam, King & Spalding, 1100 Louisiana, Suite 5055, Houston, Texas 77002.

19. Defendant, Kenton McDonald, individually and as the former Trustee of the Seashore Investment Management Trust, is a Texas resident and may be served with summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b) at Branscomb, P.C., 802 N. Carancahua, Ste. 1900, Corpus Christi, Texas 78470 (employment), or 217 Ohio, Corpus Christi, Texas 78404 (residence).

## JURISDICTION

20. The United States District Court for the Southern District of Texas has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, which action has been referred to this Court pursuant to 28 U.S.C. § 157(a), and brought pursuant to 11 U.S.C. § 541 and § 542.

## CORE PROCEEDING

21. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## VENUE

22. Venue in this adversary proceeding is properly before this Court pursuant to 28 U.S.C. § 1409.

## PROCEDURAL HISTORY & BACKGROUND

23. This proceeding relates to the case of *In Re: BNP Petroleum Corporation and BNP Oil & Gas Properties, Ltd., Debtors*, Case No. 09-20206-C-11 and Case No. 09-20612-C-11 which are jointly administered under Case No. 09-20206 (Chapter 11), and pending in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division. Also, this proceeding relates to the severed American Arbitration Association Arbitration Case No. 7019816109, styled *PBF Investments, Ltd. v. Toby Shor and Seashore Investments Management Trust v. Paul Black, BNP Holdings, Ltd., BNP Oil & Gas Properties, Ltd., BNP Commercial Properties, Ltd., Pagenery Co., LLC, TSE Equities I, LLC, TSE Equities Co., Ltd., BNP Management, LLC, 500 Water St. Property, LLC, and 500 N. Water St. Property I, LLC* (the "Arbitration proceeding").

24. On April 3, 2009, certain creditors filed an involuntary petition against Petroleum in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division. On August 5, 2009, Petroleum filed its Consent to Entry of Order for Relief, consenting to an order for relief under Chapter 7 of the Bankruptcy Code. Petroleum filed a contemporaneous Motion to Convert Case to Chapter 11. On August 7, 2009, the Court entered an order for relief under Chapter 7 and then an Order Granting the Motion to Convert Case to Chapter 11.

25. On September 22, 2009, Properties filed a Voluntary Petition for Relief under Chapter 11.

5

26. On September 18, 2009, Petroleum filed a Motion Seeking the Appointment of an Examiner with Certain Expanded Powers. The Court held a hearing on the Examiner's Motion on September 22, 2009, and on September 24, 2009, signed its Order Granting Debtor's Emergency Motion for the Appointment of an Examiner with Certain Expanded Powers. On September 30, 2009, the Court entered its Order Approving the Appointment of an Examiner with Certain Expanded Powers which approved Douglas J. Brickley, Managing Director LECG, LLC to serve as the Examiner of both Debtors.

27. The September 24, 2009 Order provided that the Examiner have the powers and perform the duties required by U.S.C. § 1106(b).

28. Seashore Investment Management Trust and others sought appointment of a Trustee to oversee the cases and to be in control of the Arbitration proceeding. By Agreed Order Regarding Emergency Motion for Appointment of a Chapter 11 Trustee (doc # 492), entered and approved by this Court on **December 3, 2009**, Seashore, Petroleum, Properties, Black, the Black Children's Independent Trust, Blackgate, the Unsecured Creditors Committee of Petroleum, and the Examiner, Douglas Brickley, all reached an agreement regarding the appointment of the Trustee (yet to be named) and the delineation and designation of his authority and his duties. In said Agreed Order, the Trustee is authorized to "investigate, pursue, prosecute and settle (pursuant to Federal Rule of Bankruptcy Procedure 9019) any and all causes of action of the Debtors other than the causes of action subject to the pending Arbitration in AAA Arbitration No. 70-198-Y-00161-09 . . . (carved out claims), which said Arbitration proceeding is subject to the Litigation Trustee's Expedited Motion for Clarification of Effect of Pending Arbitration on Claims and Causes of Action Owned by the Estates of Debtors. By this Court's further Agreed Order (doc #520), entered **January 12, 2010**, Michael B. Schmidt was named as this Litigation Trustee by agreement between the parties and granted the "powers and authority," as set forth in the foregoing Agreed Order over these carved out claims. Properties is a party in the Arbitration proceeding, but Petroleum and the **Trustee** are not parties to it. **Trustee** has received a copy of an October 9, 2009 Scheduling Order from the Arbitration proceeding that set a deadline of December 7, 2009 for the joinder of any additional parties, so that if the **Trustee** needed to or was required to join the Arbitration proceeding, his deadline to do so expired one month prior to his appointment.

29. This action is brought by **Trustee** on behalf of the bankruptcy estates of Debtors Petroleum and Properties (Debtors' Estates) to recover certain property, or its equivalent value, that was fraudulently and/or wrongfully transferred to and/or received and/or used by Defendants, either individually and/or collectively, in connection with and pursuant to a series of fraudulent transfers and/or conveyances and/or unauthorized transfers and/or wrongful/illegal conduct to the detriment of the assets of Debtors' Estates. Also, **Trustee** seeks all legal relief, both under the United States Bankruptcy Code, United States Federal and/or Texas law as allowed by the Bankruptcy Code that the Debtors' Estates are entitled to for total relief against Defendants in relation to the statutory and/or legal common law and/or equitable theories asserted herein. The

Defendants, as insiders, committed illegal acts to the detriment of Debtors' Estates as well as the creditors of the Debtors' Estates and **Trustee** not only seeks any and all appropriate legal relief

as stated herein, but also that the Defendants, individually and/or collectively, be ordered to turn over not only assets, but the debts of the Debtors' Estates, as well as all recoveries that any such Defendants may recover in the Arbitration proceeding attributable to the property of the Debtors' Estates.

## NATURE

30. Said transactions and/or conduct pursued by the Defendant as referred herein were fraudulent and/or unauthorized and/or wrongful/illegal within the meaning of the Federal Bankruptcy Code 11 U.S.C. § 548 (2005) and § 544(b) through the Texas fraudulent transfer statutes (Tex. Bus. & Com. Code Ann. § 24.001, et seq. [Vernon 1993]). Furthermore, prior to the bankruptcy petition date, Debtors made transfers to insiders, i.e., the Defendants referred herein. The insider transfers were made at a time when Debtors were either insolvent and/or otherwise wholly inadequate to meet their financial and legal liabilities and obligations as such became due. After the Debtors made the insider transfers to the Defendants, either individually and/or collectively, Debtors became insolvent. The insider transfers were made without receipt of reasonably equivalent consideration by Debtors. Alternatively, without waiving same, to the extent that the insider transfers were made in payment of some type of alleged antecedent debt, they are avoidable preferences which gave the insiders more than they would have received under Chapter 7, United States Bankruptcy Code. Based upon information and belief, **Trustee** would state that all recipients of the insider transfers had full knowledge of the financial position of Debtors and the consequence that would affect not only the Debtors' Estates, but the creditors of Debtors' Estates. The insider transfers were made to benefit the Defendants, either individually and/or collectively to the detriment of the Debtors' Estates.

31. Said transactions and/or conduct as referred herein were such that they created a breach of fiduciary duty owed to the Debtors' Estates by Defendants, either in their individual capacity and/or in their capacity as an authorized agent or representative, officer, director, owner, trustee or partner, by participating in and/or receiving benefits as a result of the unlawful and/or unauthorized and/or illegal transfers or by their wrongful/illegal conduct. Also, such transactions and/or conduct as well as insider transfers as referred herein were done by Defendants, either individually and/or collectively, in such a manner as to benefit and/or reward Defendants to the detriment of the Debtors' Estates as well as the creditors of Debtors' Estates.

32. Additionally, at all relevant times herein, Defendants, either individually and/or collectively, participated in the dominance and control of the Debtors' Estates to such an extent as to manipulate wrongful/illegal transfers and/or disbursement of assets belonging to Debtors' Estates, thus placing the Debtors' Estates in a detrimental financial posture of not being able to operate their businesses nor pay their creditors which ultimately injured their creditors.

33. **Trustee**, based upon the Court-Appointed Examiner's Report, as well as the deposition testimony and the pleadings on file in the Arbitration proceeding, alleges that Defendants, either individually and/or collectively, were the recipients of assets, whether such was in the format of cash and/or note obligations and/or note credits and/or tax credits and/or other assets, specifically "leveling" and/or "truing up" amounts to equalize previous illegal disbursement of the assets of Debtors' Estates, such being done to Debtors without appropriate and legal consideration or consideration for the financial demise that it would cause each of the Debtor's Estates even though the Defendants benefitted financially from such inappropriate and/or illegal activity knowing the consequences that would destroy financially the Debtors' Estates.

34. Defendants' pre-petition or post-petition wrongful/illegal conduct was intended to benefit them financially for personal gain, not to the benefit of the Debtors, thus placing the Debtors in a detrimental financial posture of not being able to operate their businesses nor pay their creditors which ultimately led to bankruptcy.

35. **Trustee**, based upon the Court-Appointed Examiner's Report, as well as the deposition testimony and the pleadings on file in the Arbitration proceeding, alleges that the following individuals and/or entities, either individually and/or collectively, participated in all of the wrongful/illegal conduct referred that forms the basis of the legal theories that are asserted in this Complaint:

    - Paul Black;[5]
    - Land & Bay Gauging, LLC;
    - SGW Interests, LLC;
    - BNP Operating, LLC;
    - 5302 Mandell Property, LP;
    - BNP Commercial Properties, LLC;
    - HBP LTD;
    - HBP Partners, LTD;
    - BNP Networks, LLC;
    - 500 N. Water, LLC;
    - 5262 Staples, LLC;
    - James Black, III;
    - James Black, IV;
    - Wendy Bennett;
    - Toby Shor;[6]
    - Seashore Investment Management Trust;

---

[5] Individually and/or as authorized agent and/or representative of any entity owned and/or managed and/or controlled by Paul Black and/or as a shareholder and/or officer and/or director and/or partner of such entity, including, but not limited to, Land & Bay Gauging, LLC; SGW Interests, LLC; BNP Operating, LLC; 5302 Mandell Property, LP; BNP Commercial Properties, LLC; HBP Ltd; HBP Partners, LTD; BNP Networks, LLC; 500 N. Water, LLC; and 5262 Staples, LLC (Black Entities).

[6] Individually and/or as authorized agent and/or representative of any entity owned and/or managed and/or controlled by Toby Shor and/or as a shareholder and/or officer and/or director and/or partner of such entity, including, but not limited to, Seashore Investment Management Trust and 2004 GRAT (Shor Entities).

- 2004 GRAT; and
- Kenton McDonald Individually and as Former Trustee of Seashore Investment Management Trust.[7]

36. Paul Black individually and/or authorized agent and/or representative of any entity owned and/or managed and/or controlled by Paul Black and/or as a shareholder and/or officer and/or director and/or partner of such entities, including but not limited to the Black Entities, as well as Toby Shor individually and/or authorized agent and/or representative of any entity owned and/or managed and/or controlled by Toby Shor and/or as a shareholder and/or officer and/or director and/or partner of such entities, including but not limited to the Shor Entities, as well as Kenton McDonald as former Trustee of Seashore Investment Management Trust (collectively the "Black-Shor Entities"), all such parties being more specifically in the control and management of the disbursement of assets of Debtors' Estates and, therefore, in a position to control and/or manage and/or stop the transfer of assets on behalf of the Black-Shor Entities but failed to do so, should be jointly and severally liable for all of the asserts drained from the Debtors' Estates as alleged herein.

37. Furthermore, all Defendants, in their capacities as hereinabove referred in this Complaint, ratified each other's conduct in the transfer of the assets of Debtors' Estates that is the subject of this Complaint.

38. **Trustee**, based upon the Court-Appointed Examiner's Report, as well as the deposition testimony and the pleadings on file in the Arbitration proceeding, alleges that the Defendants, individually and/or collectively, have aided and abetted to defraud the Debtors for their own personal gain and/or have committed fraud through ownership in some entity related to Debtors, which should be set aside and all assets received by the Defendants, as alleged herein, be turned over to **Trustee** to the benefit of the Debtors' Estates as well as the Debtors' creditors.

FACTS

39. In support of the allegations stated above, **Trustee** would hereby request that this Honorable Court take judicial notice of the Interim Report of Douglas G. Brickley, Examiner as well as the Report of Douglas G. Brickley, Examiner filed of record in the Main Case (Docket No. No. 09-20206-C-11), as well as the deposition testimony and the pleadings on file in the Arbitration proceeding, all of which are incorporated herein for all purposes.

---

[7]Individually and/or as the former Trustee of Seashore Investment Management Trust (Shor Entities).

FIRST CAUSE OF ACTION
PURSUANT TO 11 U.S.C. § 548
FRAUDULENT TRANSFER UNDER BANKRUPTCY CODE

40. **Trustee** incorporates by reference the factual allegations contained herein.

41. Defendants, either individually and/or collectively, caused transfers of assets from Debtors and/or to incur obligations on or within two years before the filing of the bankruptcy petitions relating to Debtors.

42. Said property transfers and incurred obligations were effectuated with actual intent to hinder, delay, or defraud creditors.

43. Transfers went to insiders less than reasonably equivalent value was exchanged for such transfers and obligations at a time when Debtors were insolvent, under capitalized, or unable to pay their debts as they matured.

44. Consequently, **Trustee** hereby invokes the legal theory of Fraudulent Transfer Under Bankruptcy Code § 548.

SECOND CAUSE OF ACTION
PURSUANT TO BANKRUPTCY CODE § 544(b)
THROUGH TEX. BUS. & COM. CODE ANN. § 24.001, ET SEQ
FRAUDULENT TRANSFER UNDER STATE LAW

45. **Trustee** incorporates by reference the factual allegations contained herein.

46. Defendants caused transfers of Debtors' property interests and caused Debtors to incur obligations.

47. Said property transfers and incurred obligations were effectuated with actual intent to hinder, delay or defraud.

48. Reasonably equivalent value was not exchanged for such transfers and obligations at a time when Debtors were engaged or were about to engage in a business or a transaction for which the remaining assets of the Debtors' Estates were unreasonably small in relation to the business or transaction; or the transfers and obligations were made with intent to incur, or were made with the belief or reasonably should have believed that the Debtors' Estates would incur, debts beyond the Debtors' Estates ability to pay as they became due.

49. Consequently, **Trustee** hereby invokes the legal theory of Fraudulent Transfer Under State Law pursuant to Bankruptcy Code § 544(b) through TEX. BUS. & COM. CODE ANN. § 24.001, et seq.

### THIRD CAUSE OF ACTION
### CONVERSION OF ESTATE ASSETS

50. **Trustee** incorporates by reference the factual allegations contained herein.

51. Defendants, either individually and/or collectively, unlawfully and without authority assumed dominion and/or control over the assets of the Debtors' Estates, and basically took full control of the Debtors' Estates to manipulate disbursements of assets to the benefit of Defendants and to the detriment of Debtors' Estates, and the creditors of Debtors' Estates.

### FOURTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

52. **Trustee** incorporates by reference the factual allegations contained herein.

53. Defendants, either individually and/or collectively, owed fiduciary duties to the Debtors' Estates.

54. Paul Black individually and/or authorized agent and/or representative of any entity owned and/or managed and/or controlled by Paul Black and/or as a shareholder and/or officer and/or director and/or partner of such entities, including but not limited to the Black Entities, as well as Toby Shor individually and/or authorized agent and/or representative of any entity owned and/or managed and/or controlled by Toby Shor and/or as a shareholder and/or officer and/or director and/or partner of such entities, including but not limited to the Shor Entities, as well as Kenton McDonald individually and/or as former Trustee of Seashore Investment Management Trust, all of whom were specifically in the control and management of the disbursement of assets of Debtors' Estates and/or were in a position creating a special relationship and thus a fiduciary relationship in relation to Debtors and, more specifically, Debtors' Estates, and as a consequence of their conduct as referred in this Complaint, breached their respective fiduciary duties to Debtors' Estates.

55. **Trustee** hereby invokes the doctrine of Breach of Fiduciary Duty due to the fact that the Defendants' breaches of their fiduciary duties harmed the Debtors' Estates as well as the creditors of Debtors' Estates and/or benefitted the Defendants either individually and/or collectively.

### FIFTH CAUSE OF ACTION
### PURSUANT TO 11 U.S.C. § 541 AND § 542
### TURNOVER OF PROPERTY OF THE ESTATES

56. **Trustee** incorporates by reference the factual allegations contained herein.

57. All assets of the Debtors including the inventory, receivables, customer lists, vendor lists, telephone numbers, general intangibles and rights to the Debtors' critical information are property of the estates pursuant to 11 U.S.C. § 541, and furthermore, any legal cause of action belonging to the Debtors should remain with the estates.

58. On information and belief, the Defendants, either individually and/or collectively, have possession of estate property belonging to the Debtors.

59. The property is in the possession of Defendants, either individually and/or collectively, and is of consequential value to the Debtors' Estates.

60. Defendants, either individually and/or collectively, are liable for the equivalent value of assets held by Defendants removed or redirected from the Debtors' location, or in the Debtors' names pursuant to 11 U.S.C. § 541, § 542 and § 544.

61. **Trustee** is entitled to the recovery and turnover of all property or its equivalent value from Defendants, either individually and/or collectively, pursuant to 11 U.S.C. § 541 and § 542.

62. **Trustee** is entitled to the recovery and turnover of all recoveries attributable to the property of the Debtors' Estates that any such Defendants may recover in the pending Arbitration proceeding.

## ATTORNEY FEES

63. **Trustee** incorporates by reference the factual allegations contained herein.

64. Debtors have incurred the expense of attorney fees and costs as a result of having to file this action/complaint. The incurring of these fees and costs is reasonable and necessary.

65. The cost of this action should be borne by Defendants, either individually and/or collectively, because Defendants engaged in overt efforts to dispose of property of the Debtors with full knowledge of the Debtors' insolvency and in direct conflict with express provisions of the Bankruptcy Code.

66. Pursuant to 11 U.S.C. § 544 and the applicable state statues, **Trustee** is entitled to recover attorney fees, interest and costs of suit and respectfully requests same as additional legal relief.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **MICHAEL B. SCHMIDT, TRUSTEE**, respectfully prays that the Court enter its judgment against the Defendants, either individually and/or collectively, as follows:

- avoid transfers as referred in this complaint;

- turnover all payments and other assets identified as belonging to the Debtors' bankruptcy estates;

- order Defendants, either individually and/or collectively, to make a detailed accounting and provide all access to all books and records in accordance with Orders entered in this case to the **Trustee**;

- award **Trustee** pre-judgment and post-judgment interest;

- award **Trustee** all costs of this action;

- award **Trustee** attorney fees;

- order that the Judgment referred herein be joint and several as to the Defendants; and

- grant **Trustee** such other and further relief to which **Trustee** may be justly entitled, at law or in equity.

>Respectfully submitted,
>
>LAW OFFICES OF MICHAEL B. SCHMIDT
>
>By:  /S/MICHAEL B. SCHMIDT
>    Michael B. Schmidt
>    State Bar No. 17775200
>    555 N. Carancahua, Ste. 1550
>    Corpus Christi, Texas 78478
>    361.884.9949 - Telephone
>    361.884.6000 - Fax
>
>    Michael S. Lee
>    State Bar No. 12129700
>    THE LEE FIRM
>    A PROFESSIONAL CORPORATION
>    615 N. Upper Broadway, Suite 708
>    Corpus Christi, Texas  78477
>    361.882.4444 - Telephone
>    361.882.7844 - Fax
>
>ATTORNEYS FOR PLAINTIFF,
>MICHAEL B. SCHMIDT, TRUSTEE