IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: § | CASE NO. 09-20206 |
| BNP PETROLEUM CORPORATION, § | CASE NO. 09-20612 |
| AND BNP OIL & GAS PROPERTIES, § | (Chapter 11) |
| LTD. § | |
| § | JOINTLY ADMINISTERED UNDER |
| DEBTORS § | CASE NO. 09-20206 |

| | | |
|---|---|---|
| MICHAEL B. SCHMIDT, TRUSTEE § | |
| Plaintiff § | |
| § | |
| v. § | Adversary No. 10-02022 |
| § | |
| PAUL BLACK, ET AL § | |
| Defendants § | |

**RESPONSE OF BLACK DEFENDANTS TO TRUSTEE'S MOTION TO STRIKE THEIR FIRST AMENDED MOTION TO DISMISS FOR FAILURE TO STATE CAUSE OF ACTION AND ENTER DEFAULT(RELATED DOCS. NO. 37, 49)**

TO THE HONORABLE RICHARD SCHMIDT, United States Bankruptcy Judge:

COME NOW Paul Black ("Black"); 500 N. Water, LLC ("Water"); Land & Bay Gauging, LLC; SGW Interests, LLC; BNP Operating, LLC; 5302 Mandel Property, LP; BNP Commercial Properties, LLC, ("Commercial")[1]; HBP Partners, Ltd.; HBP Ltd.; BNP Networks, LLC; 5262 Staples, LLC; James Black III; James Black IV; and Wendy Bennett (collectively "Black defendants") and file their response to the Trustee's Motion to Strike their First Amended Motion

---

[1] In his initial Complaint (Doc. No. 1), the Trustee sued Commercial. The Trustee later filed an emergency motion for injunctive relief (Doc. No. 23) on September 2, 2010 that joined Commercial and another entity, BNP Commercial Properties, Ltd. ("Commercial, Ltd."). The next day, the Trustee filed an Amended Complaint, without leave of Court, which did not referenced Commercial, Ltd. (Doc. No. 25). The Black defendants responded to the Trustee's injunction request (Doc. No. 36) which was denied on September 14, 2010. (Doc. No. 50).

to Dismiss for Failure to State Cause of Action ("12(b)(6) Motion")[2] and enter Default, and in support would show as follows:

1. The Black defendants are both puzzled and surprised by the Trustee's Motion to Strike their 12(b)6 Motion and then enter the drastic penalty of a default judgment, under the facts of this case. The Trustee appears to argue that because the Black defendants did not file their initial 12(b)(6) Motion before July 28, 2010, any agreed extension of time to file a response to the initial Complaint evaporated, and the Court must now dismiss the present 12(b)(6) Motion (Doc. No. 37) filed after the Trustee amended his Complaint against them (Doc. No. 25). Both the present 12(b)(6) Motion, as well as the Trustee's motion to strike it, are scheduled for hearing before the Court on October 25, 2010. (Doc. Nos. 54, 35).

2. The Trustee asserts this position even though:

(a) He received a copy of the Black defendants' initial 12(b)(6) Motion, and the notice of electronic filing shows it was filed (**Exhibits A, B**);

(b) The proposed order which accompanied the initial 12(b)(6) Motion was certainly filed, apparently twice. (Doc. No. 12, 12-1) (**Exhibit C**);

(c) The Court set the initial 12(b)(6) Motion for a hearing on September 14, 2010. (Doc. No. 17) (**Exhibit D**);

(d) After July 28, 2010 the Trustee sought both injunctive relief against the Black defendants (Doc. No. 23) and amended his complaint against them (Doc. No. 25);

---

[2]The Black defendants presume the Court will grant leave for the Trustee to file his Amended Complaint (Doc. No. 25), especially in light of the Agreed Order addressing the Seashore defendants' Motion to Dismiss. (Doc. No. 53). As to those defendants, the Trustee must file an Amended Complaint by November 15, 2010. The issues raised by the Seashore defendants in their Motion to Dismiss as to the Complaint's deficiencies are essentially the same issues presented in the 12(b)(6) Motion of the Black defendants.

L & B 12798/0002/L0462087.WPD                                                                                                    -2-

(e) The Trustee received the current 12(b)(6) Motion filed by the Black defendants (Doc. No. 37); and

(f) The Trustee appeared in a contested hearing (September 14, 2010) with the Black defendants urging his request for injunctive relief against them, never asserting they lost a right to amend their 12(b)(6) Motion or contest his claim for injunctive relief.

3. At the scheduled September 14, 2010 hearing on that 12(b)(6) Motion (Doc. No. 17), the Trustee announced that the initial Motion, not the amended one filed the day before, had not been filed and should not be heard. Counsel for the Black defendants expressed surprise at that announcement, especially in light of the notice received from the Court **(Exhibit D)** and the confirmation of ECF Notice of Electronic Filing **(Exhibit B).** Nevertheless, counsel for the Black defendants advised the Court, as well as the Trustee, that if for some reason their initial 12(b)(6) Motion had not been filed, although undoubtedly its proposed order had been filed, he would not join in the argument presented by the Seashore defendants although both their legal positions were essentially the same. Furthermore, counsel for the Black defendants apologized to the Court and to the Trustee if there had been some oversight.

4. The Court has now entered an order which, although denying the Motion to Dismiss of the Seashore defendants, recognized the problems with the complaint and ordered the Trustee to replead with specificity on or before November 15, 2010 or "the Complaint and Amended Complaint are subject to dismissal". (Doc. No. 53).

5. The Black defendants respectfully contend that the confusion regarding the filing of the initial 12(b)(6) Motion, and the undeniable fact that the Trustee has continued prosecuting his claim against them (Amended Complaint, Injunction Request), does not justify striking the Black

defendants' 12(b)(6) Motion, or rendering the drastic relief of a default judgment. The Black defendants find it difficult to believe that the Trustee would argue he has every right to amend his Complaint against them, but they do not have the corresponding right to respond through an amended 12(b)(6) Motion. Moreover, the Black defendants questioned how a default judgment can be render when they have admittedly entered an appearance in this cause both early on (Doc. Nos. 10, 12 and 13) and later. In fact, the Black defendants filed on September 3, 2010 an unopposed motion to reset the hearing on the Trustee's Request for Extraordinary Relief (Doc. No. 28), *after conferring with the Trustee* regarding that matter (**Exhibit E**). Surely, for the purposes of Fed. R. Civ. P. 55, the Black defendants have appeared and defended themselves in this proceeding.

WHEREFORE, PREMISES CONSIDERED, the Black defendants pray that the relief requested by the Trustee be denied.

Respectfully submitted,

_____
R. Glen Ayers
State Bar No. 01467500
Michael C. Boyle
State Bar No. 02797600
Allen M. DeBard
State Bar No. 24065132
Langley & Banack
745 East Mulberry, Suite 900
San Antonio, TX 78212
(210) 736-6600 Telephone
(210) 735-6889 Facsimile
Counsel for Paul Black

CERTIFICATE OF SERVICE

I hereby certify that on 29th day of September, 2010, a true and correct copy of the foregoing document was served via the Court's CM/ECF notification system as well as direct e-mail on the following:

Mr. Michael B. Schmidt
555 N. Carancahua Suite 1550
Corpus Christi, Texas 78478
m_schmid@swbell.net

_____
Michael C. Boyle