Ben C Broocks

# BROOCKS LAW FIRM L.L.P.
Attorney & Counselor

January 4, 2013

The Honorable Judge Richard S. Schmidt
United States Bankruptcy Judge
1133 North Shoreline Blvd., #208
Corpus Christi, Texas 78401

Re: *Michael B. Schmidt, Trustee v. Paul Black, et al;* In the United States Bankruptcy Court for the Southern District of Texas – Corpus Christi Division, Adversary Nos. 10-02022 and 10-02056

Dear Judge Schmidt:

This letter is written in response to the letter sent you on January 3, 2013 by Richard Daly (the "Daly Letter") wherein he apparently conveyed to you for *in camera* review certain documents he has bates labeled Daly 000001 – Daly 000207. The Daly Letter evidences considerable confusion on the part of Mr. Daly that needs to be cleared up.

First, Daly badly misrepresents the ruling of Judge Alvarez (copy attached as Exhibit A), claiming that Judge Alvarez "dismissed all of Black's frivolous § 1983 claims" and that somehow Judge Alvarez has "indicated" that "once the [arbitration] judgment is confirmed, the remainder of the claims will be dismissed." In reality, as the attached opinion plainly states, Judge Alvarez dismissed only two aspects of Black's § 1983 claim,[1] but did so based on her decision to *abstain* under *Younger v. Harris,* 401 U.S. 37 (1971) because the Judge Alvarez feels that Black can adequately raise these two issues in the Texas state system. Judge Alvarez' opinion does not state or infer in any way that these claims lack merit. To characterize this as a dismissal without referencing the abstention aspect deferring to Texas state courts, is at best disingenuous. Furthermore, Judge Alvarez *specifically* did not abstain from hearing Black's § 1983 damages claims but only stayed hearing them ("the Court STAYS Plaintiff's claims for damages under § 1983 because those damages are not available to Plaintiff in the state court proceedings."). Additionally, neither Black's other claims for damages nor the claims for injunctive and declaratory relief also set forth in the Complaint were dismissed, but rather merely stayed as the Court found they were substantially related to the § 1983 damages claims. Daly's characterizations are thus inexplicable, however given Daly's past mischaracterizations (e.g., that he had been "ordered" by Judge Alvarez not to engage in discovery and compliance with this Court's subpoena would subject him to the possibility of contempt) not wholly unexpected.

---

[1] The aspects dismissed by virtue of *abstention* are (a) Black's claims that the Texas Turnover Statute is unconstitutional and (b) "claims for injunctive relief that are either based on a theory that Texas Turnover Statute violates Plaintiff's due process rights or based on a theory that the turnover orders violated Plaintiff's due process rights because they did not comply with the Texas Turnover Statute."

The Honorable Judge Richard S. Schmidt
January 4, 2013
Page 2

Daly's suggestion that the information sought is not relevant to the substance of the Adversaries also evidences further confusion – real or feigned. The information is relevant to the motions filed by Black (10-02022, Doc. No. 156); Shor's opposition (10-02022, Doc. No. 171); the positions of other parties; and the associated arguments made to and heard by the Court on November 26. To briefly reiterate, on November 26, 2012 the issues before the Court were, in part, Shor's own arguments that this Court should exercise its considerable equitable discretion and keep the Adversaries; whether the Trustee continued to have a significant interest in the conduct and results of the Adversaries; whether abatement of the Adversaries was appropriate under all the facts and circumstances; who was standing to raise claims for the 24 entities seized by Shor, some of whom are defendants in the Adversaries; are there any potential benefits to the creditors; and what steps have been taken to prosecute these claims or why have they not been diligently pursued. Furthermore, at the November 26, 2012 hearing, the Trustee confirmed that had he known the true details of what Shor and her attorneys had planned, then he would probably not have approved the settlement. Each of these issues, and others, necessitated a factual inquiry into the matters which the Subpoena seeks documents on.

This Court has specifically deferred ruling on the pending motions until Daly complies with the subpoena served on him (copy attached as Exhibit B). **As the Daly Letter plainly concedes, he claims no privileges on any of the documents he has filed with the Court.** His only objection appears to be a lack of relevance. FRCP 26(b)(1) allows discovery of matters related to claims and defenses, which the information sought plainly is. Black therefore requests that these documents be immediately ordered turned over to Black so that they can be reviewed and argued to this Court on the pending motions. At a minimum, Black needs these documents to make an adequate record for appeal in the event the relief sought is denied. Attached hereto as Exhibit C is a proposed order ordering the production of documents.

Respectfully submitted,

*[signature]*

Ben C. Broocks